# Elliott *v.* Nicoles & Leeper.

## *Assumpsit.*

(Decided May 20, 1913.   62 South. 499.)

*Contracts; Complaint; Sufficiency.*—A complaint alleging that defendant moved into a house which plaintiff was building for him before it was completed, and thereby caused damage and delay in the completion thereof, but which does not set out the contract sued on, is fatally defective, as no breach is alleged, and for aught that appeared the contract may have permitted defendant to move in when he did.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by Nicoles & Leeper against O. W. Elliott. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEVENS, McCORVEY & DEAN, for appellant. The second count is fatally defective, and the court erred in overruling demurrers thereto.—*Elmore-Quillan & Co. v. Parrish Bros.,* 170 Ala. 499; 9 Cyc. 711-713. This is also true as to the first count.

McMILLAN & GRAYSON, for appellee. The count contains every material allegation which would be a condition precedent to a recovery on the contract.—Sec. 5321, Code 1907; *Bell v. Comegys,* Minor 201; *Mullins v. Cabaniss,* Minor 21; *Clark v. Goddard,* 39 Ala. 164; *Castle Mills v. Strata Bros.,* 51 South. 972. The demurrers were too general.—*Cook v. Rome B. Co.,* 12 South. 918. For the same reason and on the same authorities, the court did not err as to count 1.

MAYFIELD, J.—Count 2 of the complaint was in special assumpsit, and was in words and figures as fol-

lows: "The plaintiffs claim of the defendant the further sum of $100 as damages for that on, to wit, the 21st day of August, 1909, while the plaintiffs were building a residence for the defendant, pursuant to a contract entered into by and between the said plaintiffs and the defendant, the said defendant moved into the said house, before the completion thereof, without the consent of the plaintiffs, thereby causing the plaintiffs to suffer much delay in the completion of the said house, all to their damage, as aforesaid, in the sum of $100, hence this suit." A demurrer, assigning appropriate grounds, was interposed to this count, and was overruled by the trial court. This was error for which reversal cannot be avoided on the ground that it was without injury. No breach of any contract whatever is alleged. For aught that appears, the defendant may have had the right to move into the house before it was completed; and, construing the count most strongly against the pleader, we must construe it as if the contract did so provide. If the contract so provided, the consent of the plaintiff was not necessary, and no breach was alleged and no cause of action shown.

This is an action on a contract, which is of course the subject-matter of the suit. The contract is not stated either in form or in substance. It is therefore impossible for the court to know its terms, substance, or effect. "The subject-matter of a suit embraces all the *material facts,* which constitute the cause of action, and consequently comprehends (according to the nature of the case), the *contract* declared upon and the breach of it, or the *wrong* complained of, and its injurious consequences."—Gould's Pleading, p. 180. "The declaration, being the statement of those facts on which the plaintiff founds his right of recovery, must of course allege *all that is essential* to his right of action. For he can

[McGowin v. Dickson.]

recover only secundum allegata et probaba, and can legally *prove* no material fact which the declaration does not allege."—Id., p. 172.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.